

**Littler Mendelson, P.C.**
815 Connecticut Avenue NW
Suite 400
Washington, District of Columbia 20006.4046


Maurice Baskin
Shareholder
202.772.2526 direct
202.842.3400 main
202.318.4048 fax
mbaskin@littler.com

March 9, 2026

**<u>Via CM/ECF</u>**

David J. Smith
Clerk of court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

      Re:    *Associated Builders and Contractors v. GSA*, No. 25-11375
             (argued Sept. 12, 2025)
             Response to Rule 28(j) Notice of Supplemental Authority

Dear Mr. Smith:

Pursuant to FRAP 28(j), Plaintiff-Appellants ABC hereby respond to Defendant-Appellees' Notice of Supplemental Authority filed on March 6, 2026, referring to *Matter of HHI Corp*., B-424037, 2026 (WL 524191 (Comp. Gen. Feb. 18, 2026). The purported Supplemental Authority submitted by the Government consists of a non-binding recommendation by the Government Accountability Office (GAO) in a factually distinct individual bid protest. The GAO recommendation does not constitute "authority" relevant to the present appeal and should not be treated as such by this Court.

It is well settled that the GAO's jurisdiction over bid protests is limited to making recommendations to federal agencies, and that such recommendations are not binding on any court. *See Strategic Bus. Solutions, Inc. v. Def. Intelligence Agency*, 2015 U.S. App. LEXIS 23197 (Fed. Cir. 2015); *citing Honeywell, Inc. v. United States*, 870 F.2d 644, 647-648 (Fed. Cir. 1989). *See also* <u>Federal Administrative Procedure Sourcebook - acus wiki</u>: "GAO only has the authority to make

David J. Smith
March 9, 2026
Page 2

recommendations to the contracting agency regarding the protest, whereas the Court of Federal Claims issues binding orders."

Also unlike the Court of Federal Claims – and this Court - the GAO has no authority to issue injunctive relief of any kind, and GAO deemed itself bound to follow the FAR PLA regulations until they are rescinded. These self-imposed limits prevented GAO from addressing the issues raised by ABC in the present appeal.

GAO's recommendation in the *HHI* matter should also be given less weight because GAO gave no substantive justification for failing to adhere to the COFC's rulings in *MVL* and *Brasfield & Gorrie,* relegating these cases to unhelpful footnotes. *See HHI, supra*, at n. 7, 8. But in any event, GAO addressed only the limited facts before it in considering HHI's bid protest, compared with the much more robust record of injury to competition caused by the PLA Executive Order and FAR Rule, as presented in this appeal.

For the reasons set forth above, the GAO recommendation in *HHI* should be given little or no weight as to ABC's likelihood of success on the merits of the present appeal.

Respectfully submitted,

Kimberly J. Doud
LITTLER MENDELSON, P.C.
111 N Orange Ave.,
Suite 1750
Orlando, FL 32801
407-393-2951
407-641-9263 (Fax)
kdoud@littler.com

*/s/ Maurice Baskin*
Maurice Baskin
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Ste. 400
Washington, D.C. 20006
(202) 772-2526
(202) 842-0011 (Fax)
mbaskin@littler.com

*Attorneys For Plaintiffs-Appellants ABC*

cc:     All counsel via CM/ECF

littler.com